ACCEPTED
15-25-00031-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/21/2025 12:39 AM
CHRISTOPHER A. PRINE
CLERK

NO. _____

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS AT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/21/2025 12:39:30 AM
CHRISTOPHER A. PRINE
Clerk

*In re* **Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3,
Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6,
Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9,
Nonparty Patient No. 10, and Nonparty Patient No. 11,**
*Relators*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas,
Cause No. 493-07676-2024
The Honorable Judge Christine A. Nowak, Presiding

## PETITION FOR WRIT OF MANDAMUS

Jervonne D. Newsome
Thanh D. Nguyen
Jonathan Hung
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Evan D. Lewis
Olivia A. Wogon
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

ATTORNEYS FOR RELATORS

## Identity of Parties and Counsel

| **Relators** | **Counsel for Relators** |
|---|---|
| Nonparty Patients 1-11 | Jervonne D. Newsome<br>Thanh D. Nguyen<br>Jonathan Hung<br>WINSTON & STRAWN LLP<br>2121 N. Pearl St., Suite 900<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br><br>William M. Logan<br>Evan D. Lewis<br>Olivia A. Wogon<br>WINSTON & STRAWN LLP<br>800 Capitol St., Suite 2400<br>Houston, TX 77002<br>Telephone: (713) 651-2600 |
| **Real Party in Interest**<br>The State of Texas | **Counsel for Real Party in Interest**<br>Ken Paxton<br>Brent Webster<br>Ralph Molina<br>Austin Kinghorn<br>Johnathan Stone<br>Rob Farquharson<br><br>CONSUMER PROTECTION<br>DIVISION<br>P.O. Box 12548 (MC-010)<br>Austin, TX 78711 |
| University of Texas Southwest Medical Center | David M. Walsh IV<br>dwalsh@kaktxlaw.com<br>KERSHAW ANDERSON KING,<br>PLLC<br>12400 Coit Road, Suite 800<br>Dallas, Texas 75251<br>(214) 347-4993—Telephone<br>(214)615-7361—Facsimile |

Children's Health

Cory M. Sutker
Jackie S. Cooper
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 900
Dallas, TX 75202
Phone: 214-712-9500
Facsimile: 214-712-9540

Dr. May C. Lau

Alexander M. Wolf
Craig Smyser
Drew M. Padley
STEPTOE LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Phone: (713) 221-2300
Fax: (713) 221-2320

Nicole T. LeBoeuf
Amy S. Ooi
LEBOEUF LAW, PLLC
325 N. Saint Paul Street, Suite 3400
Dallas, Texas 75201
Phone: 214-624-9803
Fax: 214-602-4353
nicole@leboeuflaw.com
amy@leboeuflaw.com

**Respondent**
Hon. Christine A. Nowak
Presiding Judge
493rd District Court
Collin County, Texas
Russell A. Steindam Courts Building
2100 Bloomdale Rd.,
McKinney, TX 75071

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION AND OVERVIEW ............................................................1

II.  STATEMENT OF FACTS .....................................................................2

III. ARGUMENT.......................................................................................7

A.   Mandamus Relief is Proper when a Court Abuses its Discretion and No Adequate Remedy Exists by Appeal ....................................................7

B.   The Collin County Court Committed a Clear Abuse of Discretion by Refusing to Stay the Production and by Ordering a Production Under the State's Subpoenas when There Remains Pending Motions for a Protective Order in Dallas County ...........................................................................................8

1.   It is Proper to Challenge the Subpoena in Dallas County............................9

2.   The Collin County Court Ignored Rule 176.6(e) and the Coequal Jurisdiction of the Dallas County Court...........................................11

IV.  CONCLUSION AND PRAYER.................................................................15

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*A-Rent Test Equip., LLC v. Shermco Indus.*,
    No. 05-21-00846-CV, 2024 WL 339377 (Tex. App. Jan. 30, 2024) .................10

*City of Houston v. Chambers*,
    899 S.W.2d 306 (Tex. App.—Houston [14th Dist.] 1995, orig.
    proceeding) ....................................................................................................6

*City of Rockwall v. Hughes*,
    246 S.W.3d 621 (Tex. 2008) ...........................................................................8

*In re Cobb*,
    No. 05-98-01965-CV, 1999 WL 689621 (Tex. App.—Dallas
    Sept.7, 1999, orig. proceeding)........................................................................6

*In re Creuzot*,
    No. 05-24-00450-CV, 2024 WL 4784362 (Tex. App.—Dallas
    Nov. 14, 2024, no pet.) ....................................................................................9

*Dillard Dep't Stores, Inc. v. Hall*,
    909 S.W.2d 491 (Tex. 1995) ...........................................................................5

*In re Garza*,
    544 S.W.3d 836 (Tex. 2018) ...........................................................................8

*Latham v. Thornton*,
    806 S.W.2d 347 (Tex. App.—Fort Worth 1991, orig. proceeding) ...............7, 10

*Mem'l Hosp.-The Woodlands v. McCown*,
    927 S.W.2d 1 (Tex. 1996)................................................................................5

*In re Prudential Ins. Co.*,
    148 S.W.3d 124 (Tex. 2004) ...........................................................................4

*In re Prudential Ins. Co.*,
    148 S.W.3d (Tex. 2004)...................................................................................5

*In re Reed*,
No. 10-07-00272-CV, 2007 WL 4440901 (Tex. App. Dec. 19, 2007) ...................................................................................10, 12, 13

*In re Stern*,
321 S.W.3d 828 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) .............................................................................................7

*In re Sw. Bell Tel. Co.*,
226 S.W.3d 400 (Tex. 2007) ................................................................7

*Texaco, Inc. v. Sanderson*,
898 S.W.2d 813 (Tex. 1995) ................................................................7

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) ................................................................7

*Wheeler v. Williams*,
312 S.W.2d 221 (Tex. 1958) ................................................................8

## Other Authorities

Tex. R. Civ. P. 176.............................................................................11

Tex. R. Civ. P. 176.6....................................................................2, 11, 10

Tex. R. Civ. P. 176.6(e) ...............................................................*passim*

Tex. R. Civ. P. 192.6(b) .....................................................................11

Tex. R. Evid. 509 ...............................................................................8

Tex. R. Evid. 510 ...............................................................................8

# STATEMENT OF THE CASE

*Nature of the underlying proceeding:* In Collin County, the State of Texas filed a lawsuit against two physicians, accusing them of violating Senate Bill 14 and other statutes. In conjunction with that suit, the State served subpoenas on two hospitals in Dallas County. Those subpoenas sought the entire medical records of twenty-one nonparty patients, eleven of whom are Relators. These records contain information protected by the physician-patient privilege and the mental-health privilege. Invoking Tex. R. Civ. P. 176.6, Relators moved for protection in Dallas County, which the Rule allows. Rule 176.6 also prohibits the Collin County court from compelling the production of any records encompassed by the challenged subpoenas until the Dallas County court rules on Relator's Motion for Protection. Nevertheless, the Collin County court has ordered the hospitals to produce these records. The Collin County court's decision thus interferes with Relators' rights and the Dallas County court's jurisdictional right to rule on the subpoenas.

*Respondent*: The Honorable Christine A. Nowak, Presiding Judge, 493rd District Court, Collin County, Texas, Russell A. Steindam Courts Building, 2100 Bloomdale Rd., McKinney, TX 75071.

*Respondent's challenged actions:* The Collin County Court's decision to grant Relators' Motion to Stay Production in part and deny it in part improperly orders the production of documents and divests the Dallas County court of its jurisdiction to rule on the breadth of the subpoenas. Only the Dallas County court can rule on what happens to the subpoenas served on the hospitals.

## Statement of Jurisdiction

This Court has mandamus jurisdiction under Texas Government Code Section 22.221. Tex. Gov't Code §§ 22.220, 22.221.

## Issues Presented

This petition presents the following question: Can a court interfere with the jurisdiction of another court that properly has a motion challenging a subpoena before it? The answer is no. Accordingly, Relators are entitled to a writ of mandamus compelling the Collin County court to strike its February 28, 2025 Written Order, March 6 Oral Order, and March 20 Oral Order compelling the partial production of documents under the State's subpoena and to enter a judgment staying any such production in the Collin County case until the Dallas County court has ruled on Relators' pending motion for a protective order.

1.    Relators lack an adequate remedy by appeal.

2.    The Collin County court erred and abused its discretion when it did not fully stay any such production of documents under the State's subpoenas while a motion for protective order regarding those subpoenas remains pending in the Dallas County court.

3.    The Collin County court erred and abused its discretion by ordering the partial production of documents under the State's subpoenas while a motion for protective order regarding those subpoenas remains pending in the Dallas County court.

## I. INTRODUCTION AND OVERVIEW

This Petition presents a narrow and straightforward procedural issue. This original proceeding arises from the Collin County court's refusal to fully stay the production of documents under two subpoenas and its order to produce documents under those subpoenas while a motion for a protective order from those subpoenas remains pending in another court of coequal jurisdiction. This stay is compelled by the plain blackletter law of Texas Rule of Civil Procedure 176.6(e). Appellate courts across the state have agreed and ruled that such a stay is required in similar and near-identical circumstances. The unanimous agreement among the courts makes sense. To refuse to enter a stay while a motion for protection is pending in another court would render a large part of Rule 176.6(e) a nullity, despite common canons of statutory interpretation.

Furthermore, this application of the law is not just wrong, but also creates precedential *bad* law. An interpretation of Rule 176.6(e) that allows a court to order production of documents pursuant to a subpoena while a motion for protection is pending in a separate court degrades the coequal jurisdiction of the district courts and deprives those responding to subpoenas of the procedural protections guaranteed by the Texas Rules of Civil Procedure.

1

## II. STATEMENT OF FACTS

The State brought a lawsuit in the 493rd Judicial District in Collin County, Texas, alleging in its Petition, *inter alia*, that Dr. May C. Lau violated provisions in Senate Bill 14 by providing gender affirming care to teenage patients. M.R. 24–59. On January 16, 2025, the State served subpoenas in Dallas County on Children's Health System of Texas and UT Southwestern Medical Center, demanding private medical records for twenty-one individuals, including the eleven Nonparty Patient Nos. 1–11 ("Relators"). M.R. 60–75.[1]

On February 3, Relators filed a Petition for Motion for Protection in Dallas County—the county in which the subpoenas were served—under Tex. R. Civ. P. 176.6(e). M.R. 76–85. That Rule allows Relators to file such a motion in "either in the court in which the action is pending or in a district court in the county where the subpoena was served." Tex. R. Civ. P. 176.6(e). Rule 176.6 further provides that "[a] person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court." Tex. R. Civ. P.

---

[1] To clarify, the undersigned counsel file this mandamus petition on behalf of eleven Nonparty Patients affected by the State's lawsuit against Dr. Lau. However, the undersigned counsel have *also* filed a companion mandamus petition on behalf of another set of Nonparty Patients—who are affected by the State's lawsuit against another physician, Dr. M. Brett Cooper. Thus, even though both petitions are captioned *In re Nonparty Patient No. 1* and name eleven Nonparty Patients-Relators, the undersigned counsel represent twenty-two Relators in total.

176.6(e). Relators filed an Amended Petition on February 20. M.R. 157–166. The Dallas County court set a hearing on the matter for March 12. M.R. 239–241. When Relators filed their Petition in Dallas County, no other motion for protection or to compel had been filed regarding the subpoenas in Collin County. M.R. 1–23.

Despite this pending motion in Dallas County, on February 26, the Collin County court held a hearing concerning party production. M.R. 242–343. During that hearing, the Collin County court directed the parties to meet and confer on the production of documents from the Hospitals. M.R. 326, 337. No agreement was reached, but at the State's urging, the Collin County court indicated that it would begin ordering production of medical records under the subpoenas in "tranches" or "rolls" over the Nonparty Patients' objections. M.R. 328.

On February 27, Relators filed an emergency motion for a partial stay of any production of materials under the State's subpoenas to memorialize their objections, and argued that "the Nonparty Patients have a clear legal right to seek protection from the subpoenas in Dallas County District Court, which is where the records are maintained and where the State served its subpoenas. . . . Once the Nonparty Patients sought protection from the Dallas County District Court from the subpoenas, the Hospital Systems ceased having an obligation to respond to the subpoenas until the Dallas County District Court issues an order." M.R. 348.

Nevertheless, on February 28, the Collin County court declined to hear the Nonparty Patients' emergency motion to stay and instead entered an order requiring the Hospital Systems to start producing Relators' medical records by the Hospital Systems on March 11 and complete a full production by March 21. M.R. 415–416.

On a request by Relators, the Dallas County court moved its hearing to March 6. M.R. 418–420. In the interim, the State filed a plea to the jurisdiction based on sovereign immunity and a plea in abatement in Dallas County. M.R. 421–434. At the hearing, the Dallas County court judge orally denied the State's pleas. *See* M.R. 438, 445. Before the court could fully hear Relator's Motion for Protection, and in the middle of the hearing, the State filed notice of an interlocutory appeal to this Court, after which the State contended that no further proceedings could take place. *Id.* The Dallas County court accordingly entered an order staying any production of materials under the subpoenas until the State's interlocutory appeal concludes. M.R. 449–450.

An hour later, the Collin County court held a status conference call, during which the State pressed for productions from the Hospital Systems while the Dallas County action was stayed for its own interlocutory appeal. *See* M.R. 451– 459 (email showing call took place).[2] The Collin County court indicated that it would

___

[2] There is no transcript of this telephonic conference.

4

consider the recent developments and consider modifying its production order, which would move the hospitals' initial production to March 21. *See* M.R. 460–461. The Collin County court issued oral orders to that effect on March 7. *Id.*

On March 11, Relators filed a Motion to Stay in the State's interlocutory appeal, requesting that this Court stay production of any documents pursuant to the subpoenas while the State's interlocutory appeal remained pending. M.R. 462–521. On March 19, this Court issued an order on that Motion, ruling that:

> To the extent [the Nonparty Patients] request that we stay any attempted enforcement of the subpoenas by the Dallas County district court, we conclude that the automatic stay already prevents that action. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b) (providing for stay of all proceedings pending resolution of certain interlocutory appeals, including appeal under section 51.014(a)(8)); Tex. R. Civ. P. 176.6(e) ("A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court."). To the extent appellees request that we enjoin the Collin County district court from compelling the production of, or the hospitals from producing, some or all of the records that are the subject of the subpoenas, the appellees have failed to show how this Court, in an interlocutory appeal from Dallas County, has the authority to grant such relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (statutes permitting interlocutory appeals are strictly applied).

M.R. 522–523.

5

On March 20, the Collin County court held a hearing and ruled that partial production under the State's subpoenas should occur. S.M.R. XX.[3] Specifically, the Collin County's March 20 order had the following three components:

1. Children's must produce the unrepresented patients' medical records to the doctors' counsel beginning March 21, with rolling productions to continue thereafter. This must occur even though the Hospital Systems suggested certain records commingled the unrepresented patients' records with Relators'. Logan Decl. ¶ 3; S.M.R. XX.

2. Children's must produce Relators' medical records to the undersigned counsel (not the State) beginning March 21. On April 16, the Collin County court will conduct an *in camera* review of Relators' medical records. Logan Decl. ¶ 4; S.M.R. XX.

3. UT Southwestern will produce no records because of a pending issue regarding which attorney will represent UT Southwestern. However, once that is resolved, UT Southwestern will proceed on the same track as Children's when it comes to the unrepresented patients' records and Relators' records. Logan Decl. ¶ 5 ; S.M.R. XX.

At the hearing, Relators orally moved the Court to reconsider its ruling, particularly as they had reason to believe that documents related to the unrepresented patients were likely comingled with documents related to Relators, and that this issue too was pending in front the Dallas County court. Logan Decl. ¶ 6; S.M.R. XX. The Court denied Relators' motion. Logan Decl. ¶ 7; S.M.R. XX.

---

[3] The Collin County court issued its ruling orally. Because Relators file this mandamus petition on the same day the Court issued its order, no transcript of the proceedings exists at this time. Thus, Relators use the notation "S.M.R. XX" to show it will file a Supplemental Mandamus Record with specific pincites in due course.

Relators now bring this mandamus proceeding to squarely bring this matter before this Court and to compel the Collin County court to grant Realtors' motion to stay productions from the hospital systems under the State's subpoenas until the Dallas County court orders otherwise. *See* M.R. 344–414.

## III. ARGUMENT

### A. Mandamus Relief is Proper when a Court Abuses its Discretion and No Adequate Remedy Exists by Appeal

To obtain mandamus relief, a relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if it fails to analyze or apply the law correctly." *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding); *accord Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co.*, 148 S.W.3d at 135–36.

Specifically, a trial court commits a clear abuse of discretion when it ignores the plain language of a rule of civil procedure. *In re Stern*, 321 S.W.3d 828, 841 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). Further, "[a] discovery order that compels overly broad discovery 'well outside the bounds of proper discovery' is an abuse of discretion." *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (quoting *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995)).

7

Relators have no adequate remedy for the improper production of materials privileged under Tex. R. Evid. 509 and Tex. R. Evid. 510. *See Mem'l Hosp.-The Woodlands v. McCown*, 927 S.W.2d 1, 12 (Tex. 1996) ("It is well settled that an erroneous order requiring the production of privileged documents leaves the party claiming privilege without an adequate remedy by appeal."). Relators also have no adequate remedy by appeal for an order compelling overbroad discovery, "for which mandamus is the proper remedy." *Id.* Additionally, because Relators are not parties to the underlying suit that generated the subpoena in dispute, they have no remedy by appeal in that suit. *See In re Cobb*, No. 05-98-01965-CV, 1999 WL 689621 (Tex. App.—Dallas Sept.7, 1999, orig. proceeding) (not designated for publication); *City of Houston v. Chamber*s, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding).

Hence, as shown below, mandamus is necessary because the Dallas County court abused its discretion and did so in a way that cannot be remedied by ordinary appeal (ordering impermissible overbroad production of privileged material while a motion for protection is pending in another court).

B.    **The Collin County Court Committed a Clear Abuse of Discretion by Refusing to Stay the Production and by Ordering a Production**

**Under the State's Subpoenas when There Remains Pending Motions for a Protective Order in Dallas County**

### 1.      *It is Proper to Challenge the Subpoena in Dallas County*

It is clearly within the province of the Dallas County court to resolve this dispute regarding the subpoena. As the Supreme Court of Texas has held, where two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, "the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy." *Wheeler v. Williams*, 312 S.W.2d 221, 228 (Tex. 1958). Here, the subject matter of the Dallas County action are the subpoenas seeking documents from the Hospital Systems and the protective order sought by Relators. That is a separate action from the lawsuit the State brought in Collin County, where no controversy existed over the subpoenas. Nonetheless, the State has argued that the Collin County court is the first court to have obtained jurisdiction and thus should also address the protective order. M.R. 421–434. That is wrong for three reasons.

First, courts have routinely made the distinction between the main suit and separate actions regarding subpoenas filed in the main suit and addressed in other courts under the Rules of Civil Procedure. *See, e.g.*, *Latham v. Thornton*, 806 S.W.2d 347, 350 (Tex. App.—Fort Worth 1991, orig. proceeding) (granting mandamus when court handling main suit abused its discretion when a different court first acquired

9

jurisdiction regarding a subpoena *duces tecum* served in connection with the main suit). Here, while Collin County undoubtedly retains jurisdiction for matters relating to the main suit between the State and Dr. Lau, Dallas County has jurisdiction over the separately filed dispute between the State and Relators. As the State itself argued in support of its plea to the jurisdiction, they are separate actions. *See* M.R. 421–434.

Second, the understanding that Tex. R. Civ. P. 176.6(e) allows for obtaining protection in the county where a subpoena is served is the common understanding throughout courts in this state. *See, e.g.*, *In re Garza*, 544 S.W.3d 836, 837–38 (Tex. 2018) (lawsuit in Jim Wells County involving protective order filed by nonparty in Bexar County); *A-Rent Test Equip., LLC v. Shermco Indus.*, No. 05-21-00846-CV, 2024 WL 339377, at *3 (Tex. App.—Dallas Jan. 30, 2024) (lawsuit in Harris County involving protective order filed by nonparty in Dallas County); *In re Reed*, No. 10-07-00272-CV, 2007 WL 4440901, at *1 (Tex. App.—Waco Dec. 19, 2007) (lawsuit in Johnson County involving protective order filed by nonparty in Ellis County).

Third and finally, if it were always the case that the court in which the action was pending had superior jurisdiction over any other court with regards to a challenge to the subpoena, then Rule 176.6(e) would be rendered nonsensical and portions of it a nullity. Under the canons of statutory construction, courts are to construe a statute according to its plain and common meaning, unless the language

10

is ambiguous or the interpretation leads to absurd or nonsensical results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). Rule 176.6(e) allows a motion for a protective order "***either*** in the court in which the action is pending ***or*** in a district court in the county where the subpoena was served." Tex. R. Civ. P. 176.6(e) (emphasis added). The State's interpretation would strike everything after the word "or." Because that interpretation would render parts of Rule 176.6(e) null, this Court should reject it.

Thus, Relators had the procedural right to seek protection from the State's subpoenas in Dallas County.

### 2. The Collin County Court Ignored Rule 176.6(e) and the Coequal Jurisdiction of the Dallas County Court

Under the plain language of the Texas Rules of Civil Procedure, a trial court cannot order the production of documents under a subpoena when a motion for a protective order against that subpoena remains pending in another court. Tex. R. Civ. P. 176.6(e) ("A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court."). By natural operation of the Rules of Civil Procedure, the production of documents under that subpoena is stayed until the court adjudicating the motion for protection rules. *In re Creuzot*, No. 05-24-00450-CV, 2024 WL 4784362, at *4 (Tex. App.—Dallas Nov. 14, 2024, no pet.) ("Pursuant to rule 176.6, a motion for protective order stays a request for testimony and production of records until such time as the trial court

11

rules on the motion."). To refuse to grant a stay in that instance, or to order the production of documents, is clear error.

Rule 176 of the Texas Rules of Civil Procedure provides for motions for protection from discovery in the following terms:

> A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things, and *any other person affected by the subpoena*, may move for a protective order under Rule 192.6(b)-before the time specified for compliance-either in the court in which the action is pending *or in a district court in the county where the subpoena was served…. A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court.* The party requesting the subpoena may seek such an order at any time after the motion for protection is filed.

Tex. R. Civ. P. 176.6(e) (emphasis added); *see id.* 192.6(b).

Here, Relators are patients who are not parties to the underlying lawsuit and whose medical records are being sought by the State. Relators are consequently permitted by the Rules to challenge the subpoenas. The Rules also permit them to challenge the subpoenas in the county in which they were served, which is Dallas County. M.R. 60–75. While their Motion for Protection remains pending in Dallas County, Rule 176.6 thus instructs that the Collin County court cannot order the production of documents pursuant to the subpoenas.

This Petition presents a nearly identical issue to the one faced by the Waco Appeals Court in *Reed*. In *Reed*, the relator sought mandamus relief from a court in

12

Johnson County that had ordered the production of documents pursuant to a subpoena *duces tecum* after she had filed for a protective order in a court in Ellis County, where the subpoena was served. *See generally Reed*, 2007 WL 4440901. There, under the natural operation of Tex. R. Civ. P. 176.6(e), the Waco Appeals Court reasoned that in such an instance, "the court in which an action is pending must 'dismiss its actions and accede to the protective order' of the court in which a motion for protection is filed." *Id.* at *1 (citing *Latham*, 806 S.W.2d at 350). The appeals court further held that the "[r]espondent abused his discretion in ordering [relator] to comply with [the challenged subpoena] in spite of [relator's] motion for protection pending in the [Ellis County] court." *Id.* at *2.

The Court's order today requiring the production of documents to Relators' counsel and for in camera inspection, but temporarily staying production of the documents concerning **only** Relators to the State, does not provide Relators any relief. Relators challenged the scope of the subpoenas in Dallas County with regards to production of their documents **and** the documents of the unrepresented patients. M.R.76-84, 157-165. This is because Relators have reason to believe from the hospital systems that there exists comingling of the two sets of documents. For instance, patient visitation logs might blend mentions of represented and unrepresented patients.

Just as in *Reed*, and in accord with the plain language of Tex. R. Civ. P. 176.6(e), the Collin County court was required to accede to Dallas County regarding the motions for protection. By requiring trial courts to "accede" when motions for protective orders are pending in another district court, the Waco Court of Appeals in *Reed* recognized that the rule allowing non-litigants to seek protection in the district in which the subpoenas are served is meaningless if that action can be ignored by the trial court where the underlying litigation is pending. When the Collin County court did just that and ignored the pending motions for protection in Dallas County, it abused its discretion. Consequently, this Court should grant this Petition and issue a writ instructing the Collin County court to grant Realtors' motion to stay productions and to vacate its orders compelling productions under the subpoenas.[4]

---

[4] The State has also insisted that Collin County may decide which portions of the Subpoenas Dallas County may adjudicate, including for patients who have not appeared or are otherwise unrepresented. However, as the first court seized with a controversy over the subpoenas, the Dallas County Court must decide how to adjudicate the subpoenas, including (1) which protections should be put into place for documents (such as visit logs) that may identify both represented and unrepresented patients and (2) how to handle the State's admissions that it did not give proper notice of the subpoenas to some patients, including unrepresented patients. Logan Decl. ¶ 6; S.M.R. XX. Those issues were squarely before the Dallas County Court before the State filed its interlocutory appeal and accordingly remain automatically stayed in Dallas County until the interlocutory appeal is resolved. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (holding automatic stay cannot be selectively lifted to adjudicate discrete issues).

14

## IV.    CONCLUSION AND PRAYER

For the foregoing reasons, Relators pray this Court (i) grants this Petition; (ii) orders the Collin County court to stay the production of documents pursuant to the subpoenas challenged in Dallas County until the Dallas County court rules on the pending Motions for Protection, and; (iii) orders the Collin County court to vacate its order requiring production of documents under the challenged subpoenas.

March 21, 2025                          Respectfully Submitted,

*/s/ William M. Logan*
Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500


William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
oawogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR RELATORS**

**CERTIFICATE OF FACTUAL SUPPORT**

I hereby certify that I have reviewed the foregoing document and concluded that every factual statement in the foregoing document is supported by competent evidence included in the appendix or the record.

*/s/ William M. Logan*
William M. Logan

**CERTIFICATE OF COMPLIANCE**

As required by Texas Rule of Appellate Procedure 9(i)(1), I hereby certify that the foregoing Petition for Writ of Mandamus contains 3,627 words.

*/s William M. Logan*
William M. Logan

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served upon all interested parties pursuant to TRAP 9.5(b)(2).