Richard D. LATHAM, Securities Commissioner of Texas, Relator,

v.

The Honorable R.E. THORNTON, Visiting Judge, 30th Judicial District Court of Wichita County, Texas, Respondent.

No. 2–90–293–CV.

Court of Appeals of Texas, Fort Worth.

March 27, 1991.

Jim Mattox, Atty. Gen., Fred I. Lewis, Asst. Atty. Gen. and Anna E. Gonzales, Asst. Atty. Gen., for relator.

Jenkens & Gilchrist and Brian J. Hurst, David Ford Hunt, V. Elizabeth Kellow and William D. Sims, Jr., Dallas, for respondent.

Before JOE SPURLOCK, II, FARRIS and DAY, JJ.

JOE SPURLOCK, II, Justice.

This proceeding is an original request by the relator, Richard D. Latham (Latham), Securities Commissioner of Texas, seeking by petition for writ of mandamus to overturn a court order of good cause for discovery and directing notice to relator to testify and to produce certain documents at

a deposition. Our authority is invoked under the provisions of TEX.GOV'T CODE ANN. sec. 22.221 (Vernon 1988).

Relator seeks to correct the trial court's action, alleging that the Honorable R.E. Thornton, a visiting district judge, clearly abused his discretion by ordering relator, a non-party, to be re-noticed to testify and produce documents for a deposition to be taken. This court has previously considered all of the material upon which discovery was being sought and have entered our order that most of that material was not discoverable, except upon good cause established by one of the parties to the lawsuit. For reasons hereinafter discussed we conditionally grant the writ of mandamus directing the respondent to withdraw his order concerning the deposition of relator.

As background information we note that on August 15, 1990, this court held in *Texas Attorney General's Office v. Adams*, 793 S.W.2d 771 (Tex.App.—Fort Worth 1990, no writ) that the subpoena duces tecum issued by the defendants in May 1989 for Commissioner Latham, a non-party, to produce his law enforcement file and private registration file was null and void. We held that the defendants in that lawsuit had failed to show good cause as required by TEX.REV.CIV.STAT.ANN. art. 581–28 (Vernon Supp.1991), to discover the Commissioner's internal records. *Adams*, 793 S.W.2d at 776.

Relator argues that two months later on October 15, 1990, the defendants subpoenaed him to produce again essentially the same documents, but in a significantly different fashion. They sought his deposition in person in Austin, Texas, his county of residence. *See* TEX.R.CIV.P. 201(5). Seeking his deposition was a new tactic in the lawsuit where previously all that the defendants had been attempting to obtain had been the material itself.

Thereafter, on October 25, 1990, relator filed a motion for protective order in Travis County. The parties agreed to a hearing on November 13, 1990, before the Honorable Mary Pearl Williams, District Judge. On November 13, counsel appeared and

indicated that they were ready to proceed. There were no pleas in abatement, pleas to the jurisdiction, nor any other pleas made prior to the hearing. There were indications that the defendants were attempting to obtain a finding of good cause for the discovery from the Travis County District Court.

Relator argued that the defendants had failed to follow the proper procedure to determine good cause for discovery, because they had not filed a written motion for good cause setting out specific allegations supporting good cause under the statute. The defendants sought an opportunity to amend and to have a subsequent hearing. At the request of the defendants, the hearing was continued. It is alleged that there was an agreement for the hearing to continue on Monday, November 26, 1990. However, the next day, on November 14, 1990, the defendants filed a written motion for good cause with the Wichita County district court in which the main suit is pending. They then telefaxed notice to relator that they were seeking a hearing on Saturday, November 17th, in Wichita Falls.

With our respects to the parties, and the courts involved, for the sake of clarity, we will hereinafter refer to the Travis County district court as "Austin" and the Wichita County district court as "Wichita Falls."

A hearing was held in Wichita Falls on November 17. Relator did not attend, complaining that the defendants' notice to him was improper because the notations and other matters were done by telefax request and did not provide for adequate notice. The hearing was reset by the court for November 26, at 3:00 p.m. in Wichita Falls. Relator's counsel pointed out to the court that there was previously a hearing scheduled in Austin that same day at 9:00 a.m., and that it would not be possible for relator's counsel to attend both hearings on the same day.

On November 26th, at 9:00 a.m. the parties appeared before the Austin court at which time the defendants filed a plea to the jurisdiction, contending the Austin court did not have jurisdiction over the deposition, and further contended that they

had not raised-the issue of good cause at the court at the prior hearing. The court considered the defendants' plea to the jurisdiction, overruled it and considered the matter on the merits. In accordance with the *Adams* opinion, the Commissioner had sought by his motion the prohibition of discovery of the documents because no good cause was shown. The court entered a written order that it had jurisdiction over the commissioner and granted the motion for protection, in effect, prohibiting the deposition.

Nevertheless, the Wichita Falls court conducted its hearing. The attorneys for the commissioner had arrived late at the clerk's office (about 4:10 p.m.) because of bad weather and delay of their flight from Austin, Texas. At that time they filed a plea of abatement with the district clerk. The basis of the motion was that the Austin court had jurisdiction and had ruled on the matter, therefore, the Wichita Falls court did not have jurisdiction.

Upon counsel's arrival in the courtroom at 4:15 p.m., the court informed counsel that he had already heard defendant's motion for good cause and that the hearing was concluded. The court informed relator's counsel that he had found good cause to require the Commissioner to appear at the deposition which was duly noticed by the defendants in Austin, Texas. The Commissioner was ordered to take the documents described on the appendix, attached to the order itself, to the deposition and to testify to all discoverable facts within his knowledge which were refreshed by the documents.

The court further found that the Commissioner could not invoke any privilege of confidentiality based upon section 28 of the Texas Securities Act except for certain exceptions, and the court ordered that the defendants were to re-notice the Commissioner for that deposition to be taken at 10:30 a.m. on Saturday, December 8, 1990. The defendants were ordered to cause the Commissioner to be served with subpoena duces tecum requiring him to bring to that deposition those documents listed. In an unusual event, the court further noted that

he would be in attendance at the deposition in Austin and at that time would rule upon the objections of all attorneys to the questions propounded, including the objections based upon the work product privilege of attorneys in the enforcement division of the State's Securities Board. We conclude the court erred in entering this order.

■■■ We hold that jurisdiction over the deposition of relator resides with the Austin court. TEX.R.CIV.P. 215(1)(a) provides for the appropriate court for determining discovery matters relating to *non-parties:*

*Appropriate Court.* On matters relating to a deposition, an application for an order to a party may be made to the court in which the action is pending, or to any district court in the district where the deposition is being taken. *An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.* As to all other discovery matters, an application for an order will be made to the court in which the action is pending.

*Id.* (emphasis added). The defendants first sought the deposition of relator in his home county of Travis, as he is a non-party.

As Justice Kilgarlin has observed:

Paragraph (1)(a) Rule 215 clarifies a matter that was not directly addressed by the rules before the recent amendments. That paragraph informs a litigant as to which court he should address his application for court order under the rule....

*... If the deponent is not a party, the order may be sought only in the deposition court. The rule is designed to spare the non-party witness the expense and inconvenience of possible cross-state travel to defend himself.*

Kilgarlin and Jackson, "Sanctions for Discovery Abuse under New Rule 215," 15 ST. MARY'S L.J. 767, 780 (1984) (emphasis added). We agree with the logic and reasoning used by Justice Kilgarlin, and hold that as regards the person whose deposition is sought, if that person is not a party, the order may only be sought in the court where the deposition is to be taken. In this particular case under the authority of TEX.

R.CIV.P. 201, that place is the county of the witness's residence, the place where the defendants originally sought relator's deposition.

■ Rule 166b provides that the court, and we hold that is the court which has jurisdiction over the deposition, on a motion specifying the grounds made by any person against or for whom discovery is sought under these rules, may make any orders in the interest of justice necessary to protect the movant from undue burden or unnecessary expense, harassment, annoyance, or invasion of personal, constitutional or property rights. TEX.R.CIV.P. 166b(5). The Austin court entered such a protective order.

This court has previously issued its orders finding in this case that those materials which have been sought by discovery from Commissioner Latham are in most instances privileged. The only exception to such privilege is, as we have previously held, when there is good cause shown under the applicable statutes for the discovery. The Austin court did not find good cause shown.

We find that the defendants in the case below, having initiated the taking in Travis County of Commissioner Latham's deposition, (which we take judicial notice is more than one hundred miles from Wichita County) have invoked the jurisdiction of the Austin court for the purpose of determining the necessity of any protective orders directed to Commissioner Latham in this manner. We hold that the Austin court having first issued its protective order determining that the subject matter of the deposition and the subpoena duces tecum were not discoverable, the defendants lacked standing to collaterally attack or overturn that court's decision in another district court. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (per curiam). The order issued by the Wichita Falls court which ignores that prior order, is invalid.

■ *Relator, having filed a plea in abatement* in the Wichita Falls court, that court was required to dismiss its actions and to accede to the protective order of the Austin court. *See Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974) for an analogous situation involving jurisdiction of the main suit. Where two actions involving the same subject matter are brought in different courts having concurrent jurisdiction, "the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy." *Wheeler v. Williams*, 158 Tex. 383, 158 Tex. 383, 312 S.W.2d 221, 228 (1958). The subject matter of this case is the deposition sought of a non-party to the main lawsuit, who is a non-resident of the county in which the main suit is filed.

Accordingly, we hold that Judge Thornton abused his discretion in this matter by ordering the defendants to notice the taking of the deposition of Commissioner Latham and by requiring relator to produce certain items in accordance with the subpoena duces tecum, as the Austin court first acquired jurisdiction to entertain the matter of deposition of the Commissioner. In attempting to determine good cause, the Wichita Falls court was interfering with the proceedings of another court that had jurisdiction. *Curtis v. Gibbs*, 511 S.W.2d 263, 265 (Tex.1974); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1075 (1926).

Accordingly, we conditionally grant the writ of mandamus prayed for, but will delay the issuance of the actual writ pending the actions of the trial court. We fully expect that Judge Thornton will withdraw his order of good cause for discovery dated the 27th day of November 1990, and will not further interfere with the actions of the Travis County district court in regards to the deposition and the subpoena duces tecum matter related to Commissioner Latham.

Writ conditionally granted.