ACCEPTED
15-25-00031-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/17/2025 9:01 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00031-CV

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS IN
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/17/2025 9:01:17 PM
CHRISTOPHER A. PRINE
Clerk

**Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3
Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6,
Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9,
Nonparty Patient No. 10, and Nonparty Patient No. 11,**
*Relators*

On Writ of Mandamus
From the 493rd District Court at Collin County, Texas,
Cause No. 493-07676-2024
The Honorable Judge Christine A. Nowak, Presiding

## REPLY IN SUPPORT OF WRIT OF MANDAMUS

Jervonne D. Newsome
Thanh D. Nguyen
Jonathan Hung
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Evan D. Lewis
Olivia A. Wogon
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR RELATORS**

# TABLE OF CONTENTS

I.   INTRODUCTION AND OVERVIEW ............................................................. 1

II.  ARGUMENT ...................................................................................... 4

  A.  The State concedes the application of Rule 176.6(e). .................................... 4

  B.  Rule 176.6(e) undoubtedly renders the Collin County court's refusal to stay production and instead ordering production a clear abuse of discretion............... 6

  C.  Because the State did not meaningfully respond to Relators' Petition, its contention should be waived. ........................................................................ 10

    1.  The State's arguments and cited cases are unresponsive and do not meaningfully rebut the single issue in the Petition......................................... 10

      a.  Sovereign immunity is not properly before this Court......................... 10

      b.  The question of dominant jurisdiction is not properly before this Court. 13

      c.  The State misconstrues the facts. ........................................... 14

    2.  The State's failure to respond waives its contention. .............................. 15

III.  CONCLUSION AND PRAYER................................................................... 16

i

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*A-Rent Test Equip., LLC v. Shermco Indus.*,
No. 05-21-00846-CV, 2024 WL 339377 (Tex. App.—Dallas Jan.
30, 2024) .................................................................................................5, 12

*City of Rockwall v. Hughes*,
246 S.W.3d 621 (Tex. 2008) .................................................................................5

*In re Creuzot*,
No. 05-24-00450-CV, 2024 WL 4784362 (Tex. App.—Dallas
Nov. 14, 2024, no pet.) ...........................................................................7

*In re Garza*,
544 S.W.3d 836 (Tex. 2018) ...............................................................................5, 12

*In re J.B. Hunt Transport, Inc.*,
492 S.W.3d 287 (Tex. 2016) (orig. proceeding) ...................................................13

*Latham v. Thornton*,
806 S.W.2d 347 (Tex. App.—Fort Worth 1991, no writ) ..........................11, 12

*Nazari v. State.*
561 S.W.3d 495 (Tex. 2018) ................................................................12, 13

*In re Neely*,
No. 01-02-00355-CV, 2003 WL 164478 (Tex. App.—Houston [1st
Dist.] Jan. 23, 2003, orig. proceeding) ...........................................................15

*Nonparty Patient 1, et al. v. State*,
No. DC-25-01823 (95th Jud. Dist. Ct. of Dallas County, Tex) .........................2

*Nonparty Patient 1, et al. v. State*,
No. DC-25-02658 (95th Jud. Dist. Ct. of Dallas County, Tex) .........................2

*In re Reed*,
No. 10-07-00272-CV, 2007 WL 4440901 (Tex. App.—Waco Dec.
19, 2007) ...............................................................................................*passim*

ii

*State v. Nonparty Patient 1*,
No. 15-25-00023-CV (Tex. App.—Austin [15th Dist.]) ....................................2

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)...........................................................................................13

*In re Stern*,
321 S.W.3d 828 (Tex. App.—Houston [1st Dist.] 2010, orig.
proceeding) ......................................................................................................6

*In re United Servs. Auto. Ass'n*,
307 S.W.3d 299 (Tex. 2010)...........................................................................13

**Other Authorities**

Jurisdiction, Black's Law Dictionary (12th ed. 2024) ...........................................13

Nonparty, Black's Law Dictionary (12th ed. 2024)...............................................11

Tex. R. App. P. 52.3(h).........................................................................................15

Tex. R. App. P. 52.4 .............................................................................................15

Tex. R. Civ. P. 176.6.................................................................................7, 11, 13

Tex. R. Civ. P. 176.6(e) ..................................................................................*passim*

## I. INTRODUCTION AND OVERVIEW

Relators presented one narrow, straightforward procedural issue in their Petition: whether a court can interfere with the jurisdiction of another court that properly has a motion challenging a subpoena before it. The answer, unsurprisingly, is no. Yet the State's Response skims over this issue in a single paragraph, instead devoting its twenty pages to an accusatory (and misleading) factual background and two issues that are not properly before this Court: (1) dominant jurisdiction; and (2) sovereign immunity. Because the State has failed to meaningfully respond to Relators' Petition and address the single issue before this Court, it has waived any contention. Furthermore, the arguments that the State does raise in its Response, on top of being irrelevant to this proceeding, are wrong.

First, almost immediately, the State's Response characterizes this case as "extremely charged" because the underlying dispute relates to "so-called gender-affirming" care. Resp. at 1, 3. But the issue before this Court is not about gender-affirming care at all—it is about Texas Rule of Civil Procedure 176.6(e) ("Rule 176.6(e)"). Specifically, it is about Relators' right to challenge subpoenas requesting *their* medical records in the county in which the subpoenas were served: Dallas County. This right is expressly laid out in Rule 176.6(e), which in no uncertain terms provides that "any other person affected by the subpoena . . . may move for a protective order . . . in a district court in the county where the subpoena was served."

1

Tex. R. Civ. P. 176.6(e). This rule secures Relators' right to complete their challenge before any production of their medical records, explaining that "[a] person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court." *Id*. All that Relators seek is to be afforded the protections of Rule 176.6(e)—the same protections as afforded to any other Texan under the Texas Rules of Civil Procedure—no more and no less.

Second, nowhere does the State's Response acknowledge the straightforward mechanism outlined in Rule 176.6(e). Instead, the State continues to muddle the issues by once again furnishing the same sovereign immunity and dominant jurisdiction arguments presently being litigated in other proceedings, and before this Court in a separate interlocutory appeal. *See Nonparty Patient 1, et al. v. State*, No. DC-25-01823 (95th Jud. Dist. Ct. of Dallas County, Tex); *Nonparty Patient 1, et al. v. State*, No. DC-25-02658 (95th Jud. Dist. Ct. of Dallas County, Tex); *State v. Nonparty Patient 1*, No. 15-25-00023-CV (Tex. App.—Austin [15th Dist.]). It repeatedly creates a mountain out of a molehill to avoid accepting that Rule 176.6(e) squarely applies here. It also misconstrues Relators' arguments, falsely asserting that Relators have conceded that the doctrine of dominant jurisdiction applies.

Lastly, Relators agree with the State that this Court should end the emergency filings in this case once and for all. It should do so by granting mandamus and

upholding the unambiguous mechanism outlined in Rule 176.6(e). Accordingly, any productions under the subpoenas challenged in Dallas County should be stayed.

## II. ARGUMENT

### A. The State concedes the application of Rule 176.6(e).

The State's Response, while spanning twenty pages, only mentions Rule 176.6(e) in a single paragraph. Even this lone paragraph, though, does not substantively address the application of Rule 176.6(e) here, but simply claims that dominant jurisdiction does not render this rule a nullity. The State's treatment of Rule 176.6(e) appears to concede its import—and explains why the State feels the need to raise irrelevant, unrelated arguments in its Response to try to dodge the issue.

The language of Rule 176.6(e) could not be clearer:

> A person commanded … to produce and permit inspection and copying of designated documents and things, and *any other person affected by the subpoena*, may move for a protective order … ***either** in the court in which the action is pending **or in a district court in the county where the subpoena was served**.*

Tex. R. Civ. P. 176(e) (emphasis added). Stated differently, Rule 176.6(e) offers those affected by a subpoena two places to seek protection—either (1) the court in which the action is pending; or (2) a district court in the county of service. The statute does not condition either option on any prerequisites. Nor does it limit the latter option to situations where the former cannot be used. Rather, it explicitly offers both options to "*any* other person affected by the subpoena" without exception.

This result only makes sense. If jurisdiction was only to lie in the court in which the action is pending, the second option would be rendered a nullity. Per the

4

canons of statutory interpretation, which direct courts to construe statutes according to their plain and ordinary meaning without leading to absurd or nonsensical results, this cannot be so. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

Rule 176.6(e) not only provides clear instruction as to *where* motions for protection relating to a subpoena may be filed but also what happens *when* they are filed, explaining that "[a] person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do by the court [where the motion for protection has been filed]." Tex. R. Civ. P. 176.6(e). There is no room to argue that the Collin County court can force any compliance with the subpoenas until the Relators' motion for protection is heard in Dallas County. But the State, in a conclusory everything-but-the-kitchen-sink approach, appears to argue otherwise, at least tacitly.

As explained in the Petition, courts throughout this state have no issue understanding the plain language of Rule 176.6(e). *See, e.g.*, *In re Garza*, 544 S.W.3d 836, 837–38 (Tex. 2018) (lawsuit in Jim Wells County involving protective order filed by nonparty in Bexar County); *A-Rent Test Equip., LLC v. Shermco Indus.*, No. 05-21-00846-CV, 2024 WL 339377, at *3 (Tex. App.—Dallas Jan. 30, 2024) (lawsuit in Harris County involving protective order filed by nonparty in Dallas County); *In re Reed*, No. 10-07-00272-CV, 2007 WL 4440901, at *1 (Tex. App.— Waco Dec. 19, 2007) (lawsuit in Johnson County involving protective order filed by

5

nonparty in Ellis County). Tellingly, the State has nothing to say about these examples where Rule 176.6(e) is used exactly how Relators have used it here.

Instead of engaging with discussion on Rule 176.6(e), the State's Response makes a commotion about Relators' actions in this case, painting them as unreasonable in agreeing to arrangements for production in the Collin County court. But what the State tries time and time again to ignore is that the production is not up to the Collin County court until the Dallas County court rules on Relators' motion for protection. And any alleged delay in the Dallas County court's ruling on that motion is a product of the State's own actions—as it was the one who filed an interlocutory appeal before the Dallas County court could proceed to the substance of the motion. M.R. 445–448. The issue here is not whether the Collin County court is attempting to provide safeguards on the production, but whether it has the *authority* to move the production forward at all. It does not.

> **B. Rule 176.6(e) undoubtedly renders the Collin County court's refusal to stay production and instead ordering production a clear abuse of discretion.**

It is well accepted that a trial court's failure to comply with the plain language of a rule of civil procedure is a clear abuse of discretion. *See, e.g.*, *In re Stern*, 321 S.W.3d 828, 841 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). As explained above, that is exactly what happened here when the Collin County court ordered production despite the Relators' still-pending motion for protection in Dallas

6

County. This is in direct contravention of Rule 176.6(e), which automatically stays the production of documents under the challenged subpoena until the court adjudicating the motion for protection rules. *In re Creuzot*, No. 05-24-00450-CV, 2024 WL 4784362, at \*4 (Tex. App.—Dallas Nov. 14, 2024, no pet.) ("Pursuant to rule 176.6, a motion for protective order stays a request for testimony and production of records until such time as the trial court rules on the motion."). The automatic application of a stay is a key part of the protection afforded by this statute, as the clock cannot realistically be turned back once a production occurs, even if the motion for protection is ultimately granted.

The State's analysis of *Reed* is plainly wrong. There, the real party in interest filed a civil suit for malicious prosecution in Johnson County after he was acquitted of theft charges in Ellis County. *See generally Reed*, 2007 WL 4440901. Ellis County had ordered his arrest records expunged. *Id*. at \*1. As part of the Johnson County lawsuit, the real party in interest served the relator with a subpoena *duces tecum* in Ellis County to produce the expunged records. *Id*. The relator filed a motion for protection from the subpoena in the county of service, Ellis County. *Id*. The Johnson County court nonetheless ordered the relator to produce the expunged records. *Id*. The relator filed a petition for writ of mandamus in the Waco Court of Appeals, arguing that "she timely filed her motion for protection from [real party in interest's] subpoena in a district court in the county in which she was served, as permitted by

7

the Rules of Civil Procedure, and thus was protected from the discovery order of the court in which the civil action was pending." *Id.*

The Waco Court of Appeals sustained the relator's argument and granted mandamus, holding that the judge in Johnson County "abused his discretion in ordering [relator] to comply with [real party in interest's] subpoena in spite of [relator's] motion for protection from that subpoena pending in the [Ellis County] District Court." *Id.* at *2. The court's reasoning was grounded in the terms of Rule 176.6(e). *Id.* at *1–2. Indeed, the court explicitly rejected the real party in interest's argument that the records of his arrest became discoverable when he filed his civil suit, reasoning that "[real party in interest] may address that argument to the [Ellis County] District Court, but the argument has no bearing on the issue before us, namely whether [relator's] motion for protection must be heard in the [Ellis County] or the [Johnson County] District Court." *Id.* at *2.

The Petition presents a nearly identical issue to the one in *Reed*. Like *Reed*, where a civil action was filed in one county and a subpoena served in another, Relators' Petition involves a civil action filed in Collin County and subpoenas served in Dallas County. Like *Reed*, where the relator filed a motion for protection in the county of service, Relators here filed a motion for protection in the county of service. Like *Reed*, where the court in the county where the action was pending ordered discovery despite the motion for protection pending in the county of service, here,

the Collin County court ordered discovery despite the motion for protection pending in the county of service. Like *Reed*, where the real party in interest made arguments with "no bearing on the issue" before the court, here, the State's arguments regarding safeguards in Collin County have no bearing on the issue before this Court.

In *Reed*, the court sustained the *very same* argument Relators make here: The motion for protection from the real party in interest's subpoena in a district court in the county of service, as permitted by the Rules of Civil Procedure, protects Relators from the discovery order of the court in which the civil action is pending. It follows that, as in *Reed*, where the Johnson County court's discovery order was an abuse of discretion, the Collin County court's discovery order was an abuse of discretion.

The State's assertion that *Reed* supports its position is divorced from the language of the opinion and represents a fundamental misunderstanding of the facts of that case. The holding in *Reed* was grounded in Rule 176.6(e); the doctrine of dominant jurisdiction is conspicuously absent from the opinion. Moreover, as the opinion makes plain, what mattered to the Waco Court of Appeals was not that Ellis County (the county of service) had previously ordered the records expunged; rather, what mattered was that the Johnson County court ordered discovery despite a motion for protection pending in Ellis County—precisely the issue here.

9

**C. Because the State did not meaningfully respond to Relators' Petition, its contention should be waived.**

The State, on top of its irrelevant and unsupported arguments, offers a misleading recitation of the facts of this case, as discussed further below.

***1. The State's arguments and cited cases are unresponsive and do not meaningfully rebut the single issue in the Petition.***

The State dedicated most of its Response to sovereign immunity and dominant jurisdiction, citing numerous authorities in a thinly veiled attempt to evade the plain language of Rule 176.6(e). The State's analyses are off base and disregard the division of authority in this case. The questions of sovereign immunity and dominant jurisdiction are not before this Court in this proceeding, nor are they before the Collin County court. They are decisions to be made at the sole discretion of the Dallas County court, and the productions should not go forward in the meantime. In fact, the Dallas County court has already ruled on sovereign immunity—rejecting the same arguments the State makes here and prompting the State's mid-hearing interlocutory appeal that has been the primary cause of delay in the underlying proceedings. M.R. 445–448.

***a. Sovereign immunity is not properly before this Court.***

The State should take up the question of sovereign immunity with the Dallas County court or in its interlocutory appeal. Nonetheless, sovereign immunity does not render the State immune to suit in this case, as has been repeatedly explained by

10

Relators. As acknowledged by both the Relators and the State, the State has waived its immunity in the Collin County court, and therefore, the Relators could have brought their motion for protection in that court. Resp. at 13. This immunity does not disappear just because Relators chose to use the second option explicitly contemplated in Rule 176.6(e). Indeed, it is illogical that filing the *same* motion for protection in Dallas County, *as explicitly contemplated by Rule 176.6*, would, as the State argues, transform the challenge into a new lawsuit bringing a third-party claim. Resp. at 13. Accepting the State's argument would erroneously conflate two distinct legal concepts—seeking protection from improper discovery and asserting a claim for which a judgment would be entered.

A nonparty, by definition, has no burden to meet the elements of claim or defense. *See* Nonparty, Black's Law Dictionary (12th ed. 2024) ("1. A person or entity that is not a litigant in a particular lawsuit but may somehow be involved in or affected by it. 2. Someone who may have caused or contributed to an injury being litigated but who has not been joined as a lawsuit as a defendant."). Nonparties may have a general interest in how the litigation unfolds and a discovery order might compel action on their part, but they would not be part of any judgment.

In its attack on *Latham*, the State falsely asserts that Relators have offered a "single case" to support courts' routine distinction between a main suit and a subpoena challenge, conveniently ignoring the multiple other examples cited in

11

Relators' Petition.[1] *See Latham v. Thornton*, 806 S.W.2d 347 (Tex. App.—Fort Worth 1991, no writ). Moreover, *Latham* was cited by the court in *Reed* as supporting the proposition that a "court in which an action is pending must 'accede to the protective order' of the court in which a motion for protection is filed." *Reed*, 2007 WL 4440901, at *1. Again, *Reed* involved a subpoena for the production of documents and the same argument Relators present here. Thus, the State's assertion that *Latham* has no bearing on the issue fails.

The State heavily relies on *Nazari v. State*. 561 S.W.3d 495 (Tex. 2018). But *Nazari* undercuts the State's argument because it supports the distinction between discovery-related motions and claims. There, the state sued several dental providers alleging fraudulent Medicaid payments. *Id.* at 497. The providers asserted counter*claims* against the state, seeking "proportional recovery of actual and exemplary damages, interest, court costs, and attorney's fees against the State." *Id.* at 499. The court held that sovereign immunity barred the providers' counterclaims against the state, reasoning that "[s]overeign immunity protects the state from counterclaims that seek to offset a penalty." *Id.* at 507, 510.

---

[1] *See, e.g.*, *In re Garza*, 544 S.W.3d 836, 837–38 (Tex. 2018) (lawsuit in Jim Wells County involving protective order filed by nonparty in Bexar County); *A-Rent Test Equip., LLC v. Shermco Indus.*, No. 05-21-00846-CV, 2024 WL 339377, at *3 (Tex. App.—Dallas Jan. 30, 2024) (lawsuit in Harris County involving protective order filed by nonparty in Dallas County); *In re Reed*, No. 10-07-00272-CV, 2007 WL 4440901, at *1 (Tex. App.—Waco Dec. 19, 2007) (lawsuit in Johnson County involving protective order filed by nonparty in Ellis County).

Here, Relators are nonparties who filed a motion seeking protection from subpoenas of their medical records as articulated by Rule 176.6. By definition, they are not part of any judgment or penalty. By contrast, *Nazari* involved **parties** asserting counter**claims** against the state. The State's novel argument that a discovery-related motion filed in the county of service transforms the challenge into a third-party claim is unsupported and undermines a nonparty's entitlement to choose to challenge a subpoena in the county of service under Rule 176.6(e). This Court should reject the State's interpretation.

### b. Dominant jurisdiction is not properly before this Court.

The State relies on the imprecise nature of the word "jurisdiction" to introduce confusion into this case. As recognized by both our Supreme Courts, "jurisdiction . . . is a word of many, too many, meanings." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 305 (Tex. 2010) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998)). Its plain meaning is the "power" to hear a dispute. *See* Jurisdiction, Black's Law Dictionary (12th ed. 2024). The doctrine of dominant jurisdiction invoked by the State applies to a specific context: situations where there are two competing lawsuits arising from a common set of facts or occurrence involving interrelated parties. *See In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287 (Tex. 2016) (orig. proceeding) (considering abatement for competing lawsuits

13

concerning auto accident). To reiterate the above, Relators filed a discovery-related *motion* seeking protection from subpoenas in Dallas County—not a lawsuit.

Relators' Petition's use of the term "coequal" jurisdiction was not an attempt to introduce or concede the doctrine of dominant jurisdiction but merely to highlight that Rule 176.6(e) provides equal power and authority to the court where the action is pending and the court where the subpoenas are served regarding where a person affected by a subpoena may initially file a motion for protection. But once that motion for protection has been filed—here, in the county of service—the "court in which an action is pending must 'accede to the protective order' of the court in which a motion for protection is filed." *Reed*, 2007 WL 4440901, at *1.

In sum, while power and authority are at play, the doctrine of dominant jurisdiction is inapplicable. The State's "right and duty to oversee discovery in a case filed in its jurisdiction" does not extend so far as these subpoenas, which are subject to a pending motion for protection in another court.

### c. The State misconstrues the facts.

The State exerts substantial effort arguing that none of Relators' medical records are co-mingled with the unrepresented patients' records. This tangent not only dodges the single issue Relators raised in their Petition but is also baselessly accusatory. Counsel for UTSW confirmed that the medical records *for a narrowed first production* were not co-mingled on April 10, *after* Relators filed their Petition.

14

Indeed, UTSW's prior counsel told Relators' counsel that co-mingled records might exist, and UTSW has offered no assurance that such documents will not exist in subsequent productions that have not been ordered or reviewed yet.

More importantly, the State's argument misses the point: whether co-mingled documents exist (including beyond this first narrower production tranche) and which protections should be put in place in case they do, is a question for the Dallas County court that is adjudicating the motion for protection. The State cites no authority that suggests the Collin County court may carve out that piece of the motion for protection dispute for itself and order narrowed productions before the Dallas County court has ruled. The State thus again furnishes arguments that are unmoored from the operation of Rule 176.6(e)—the single issue presented in the Petition.

### 2. The State's failure to respond waives its contention.

A real party in interest's failure to meaningfully respond to the arguments in a petition for writ of mandamus waives its contention. *See* Tex. R. App. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made."); Tex. R. App. P. 52.4 ("The response must conform to the requirements of 52.3."); *In re Neely*, No. 01-02-00355-CV, 2003 WL 164478, at *3 (Tex. App.— Houston [1st Dist.] Jan. 23, 2003, orig. proceeding) (holding relators waived contentions by failing to present supporting arguments in petition). Further, even if true, the State's argument that "the Collin County case *cannot go forward* without

15

medical records" is absurd—there is no reason to believe that the Dallas County court will prevent the State from receiving the subset of medical records that it is entitled to under the law. If the State is merely complaining that complying with the Texas Rules of Civil Procedure will delay production, that is not a valid reason to cast aside the rights and privileges of Texas citizens—particularly when the State created the underlying delay by filing an interlocutory appeal on the rejected arguments that it rehashes here. If the State wishes to create new law immunizing it from the operation of Rule 176.6(e), it must do so at the cost of delaying its underlying litigation, not at the cost of Relators' procedural and substantive rights.

## III. CONCLUSION AND PRAYER

For the foregoing reasons, Relators pray this Court (i) grants the Petition; (ii) orders the Collin County court to stay the production of documents pursuant to the subpoenas challenged in Dallas County until the Dallas County court rules on the pending Motions for Protection, and; (iii) orders the Collin County court to vacate its order requiring production of documents under the challenged subpoenas.

16

April 17, 2025

Respectfully Submitted,

*/s/ William M. Logan*

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
oawogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF FACTUAL SUPPORT

I hereby certify that I have reviewed the foregoing document and concluded that every factual statement in the foregoing document is supported by competent evidence included in the appendix or the record.

/s/ William M. Logan
William M. Logan

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4(i)(1), I hereby certify that the foregoing Reply in Support of Writ of Mandamus contains 3,792 words.

/s/ William M. Logan
William M. Logan

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon all interested parties pursuant to Texas Rule of Appellate Procedure 9.5(b)(2).

/s/ William M. Logan
William M. Logan

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of William Logan
Bar No. 24106214
LFowler@winston.com
Envelope ID: 99827323
Filing Code Description: Other Brief
Filing Description: REPLY IN SUPPORT OF WRIT OF MANDAMUS
Status as of 4/18/2025 7:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alexander Wolf | 24095027 | awolf@steptoe.com | 4/17/2025 9:01:17 PM | SENT |
| Craig Smyser | 18777575 | csmyser@steptoe.com | 4/17/2025 9:01:17 PM | SENT |
| Nicole LeBoeuf | 791091 | nicole@leboeuflaw.com | 4/17/2025 9:01:17 PM | SENT |
| Cory Sutker | 24037569 | cory.sutker@cooperscully.com | 4/17/2025 9:01:17 PM | SENT |
| Drew Padley | 24111325 | dpadley@steptoe.com | 4/17/2025 9:01:17 PM | SENT |
| David G. Shatto | | david.shatto@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Martin Cohick | 24134042 | martin.cohick@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Amy Ooi | | amy@leboeuflaw.com | 4/17/2025 9:01:17 PM | SENT |
| Jackie Cooper | | Jackie.Cooper@cooperscully.com | 4/17/2025 9:01:17 PM | SENT |
| Houston Docketing | | ecf_houston@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Jervonne Newsome | | JNewsome@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Thanh Nguyen | | TDNguyen@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Evan Lewis | | edlewis@winston.com | 4/17/2025 9:01:17 PM | SENT |
| William Logan | | WLogan@winston.com | 4/17/2025 9:01:17 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of William Logan
Bar No. 24106214
LFowler@winston.com
Envelope ID: 99827323
Filing Code Description: Other Brief
Filing Description: REPLY IN SUPPORT OF WRIT OF MANDAMUS
Status as of 4/18/2025 7:02 AM CST

Case Contacts

| William Logan | | WLogan@winston.com | 4/17/2025 9:01:17 PM | SENT |
|---|---|---|---|---|
| Olivia Wogon | | owogon@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Jamie Vargo | | JVargo@winston.com | 4/17/2025 9:01:17 PM | SENT |
| David Phillips | | dphillips@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Hollie Albin | | hmalbin@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Sarah McGrath | | smcgrath@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Jonathan Hung | | johung@winston.com | 4/17/2025 9:01:17 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 4/17/2025 9:01:17 PM | SENT |
| Amy Patterson | | apatterson@co.collin.tx.us | 4/17/2025 9:01:17 PM | SENT |